UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
CABLEVISION LIGHTPATH, INC., a Delaware corporation; CABLEVISION LIGHTPATH - CT, INC., a Delaware corporation; CABLEVISION LIGHTPATH - NJ, INC., a Delaware corporation; BRESNAN BROADBAND OF COLORADO, LLC, a Colorado corporation; BRESNAN BROADBAND OF MONTANA, LLC; a Montana corporation; BRESNAN BROADBAND OF UTAH, LLC, a Utah corporation; and BRESNAN BROADBAND OF WYOMING, LLC, a Wyoming corporation,

                        Plaintiffs,

-against-

VERIZON NEW YORK INC., a New York Corporation; VERIZON NEW JERSEY INC., a New Jersey Corporation; and MCI COMMUNICATIONS Services Inc. d/b/a VERIZON BUSINESS, INC., a Delaware Corporation,

                        Defendants.
------------------------------------------------------------ X

OCT 3 1 2011

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-cv-2457 (CBA) (JMA)

**AMON, Chief United States District Judge.**

      Plaintiffs have objected to United States Magistrate Judge Joan M. Azrack's August 30, 2011 order disqualifying Plaintiffs' counsel. The Court has reviewed the parties' briefs and heard oral argument, and concludes that the magistrate judge did not commit clear legal error when she determined that Plaintiffs' counsel, Jenner & Block LLP ("Jenner"), was subject to disqualification. See Mitchell v. Century 21 Rustic Reality, 233 F. Supp. 2d 418 (E.D.N.Y. 2002) ("District courts reviewing non-dispositive pretrial orders may not modify or set aside any part of those orders unless they are clearly erroneous or contrary to law." ).

      Magistrate Judge Azrack issued a comprehensive order analyzing the facts of this case under the Second Circuit's test for disqualification of counsel set forth in Evans v. Artek Sys.

1

Corp., 715 F.2d 788 (2d Cir. 1983). The order explained that Jenner advised MCI, Inc. (now Verizon Business, Inc.) on a wide range of regulatory matters during the formative stages of its VoIP services, including the regulatory framework applicable this kind of service, MCI's VoIP-related designs and business strategies, and when MCI might be required to pay access charges for VoIP services. Jenner's representation included defending MCI in an action brought by a local telephone company, in which Jenner argued on behalf of MCI that it was not required to pay tariffed access charges for its VoIP traffic. Now, Jenner seeks to take the opposite position on behalf of Cablevision in this lawsuit against Verizon Business, which alleges that Verizon Business is required to pay tariffed access charges for VoIP traffic.

Jenner argues that the magistrate judge clearly erred in disqualifying Jenner based on this prior representation because this litigation involves a purely legal issue, the resolution of which would involve no reference to potentially confidential facts to which Jenner may have gained access. However, the similarity between the prior representation and this lawsuit consists of more than a mere overlap in applicable law. To the contrary, Jenner specifically advised MCI on the design of its VoIP services, including how they might be structured to avoid access charges. It cannot be ruled out at this phase of litigation that this case may involve the same factual question of how these same services, now offered by Verizon Business, are structured, and whether similar access charges are applicable to them. Given this potential overlap, discovery from the time period of Jenner's prior representation may prove relevant to the adjudication of this case. As Magistrate Judge Azrack found, it is "no great leap to imagine a scenario in which discovery relating back to the formation of VoIP products, including why and how the services were designed the way they were . . . would be relevant to the current structure of defendants' VoIP services." (Order at 9.)

2

On these facts, Magistrate Judge Azrack did not clearly err in finding that a "substantial relationship" exists between the subject matter of the prior representation and that of the current action. Nor did she clearly err in finding Jenner likely had access to relevant privileged information during its extensive representation of MCI, and that disqualification was therefore appropriate under Evans. Accordingly, Magistrate Judge Azrack's order disqualifying Plaintiffs' counsel is affirmed.

SO ORDERED.

Dated: Brooklyn, N.Y.
October 28, 2011

s/CBA

Carol Bagley Amon
Chief United States District Judge

3